

**Brent E. Pelton, Esq.**
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSE RAMIREZ, Individually and on Behalf of
All Other Persons Similarly Situated,

                      Plaintiffs,

            -against-

EDDINGTON SECURITY INC., TYLER-
CONNER INC., MARK EDDINGTON,
JUDY EDDINGTON, RON WUENCH
and JOHN DOES #1-10, Jointly and Severally,

                      Defendants.

-------------------------------------------------------------X

ECF
2008 CV _4766_ (LTS)

CLASS AND COLLECTIVE
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL

**Demand for a Jury Trial**

## NATURE OF THE ACTION

1.      Plaintiff JOSE RAMIREZ ("Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from defendants Eddington Security Inc. ("ESI"), Tyler-Conner Inc. ("TCI" and, collectively with ESI, "Eddington" or the "Corporate Defendant"), Mark Eddington,

Judy Eddington, Ron Wuench and John Does #1-10 (collectively, the "Defendants") for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.  Plaintiff further complains on behalf of himself and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.  Plaintiff Jose Ramirez was, at all relevant times, an adult individual, residing in Bronx, New York.

7.  Upon information and belief, Defendant ESI is a New York corporation, with its principal place of business at 3540 Decatur Ave. 5J, Bronx, New York 10467.

8. Upon information and belief, Defendant TCI is a New York corporation, with its principal place of business at 3540 Decatur Ave. 5J, Bronx, New York 10467.

9. Upon information and belief, Defendant Mark Eddington is an officer, director and/or managing agent of Eddington, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

10. Upon information and belief, Defendant Judy Eddington is an officer, director and/or managing agent of Eddington, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

11. Upon information and belief, Defendant Ron Wuench is an officer, director and/or managing agent of Eddington, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

12. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time

and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since May 21, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least several hundred members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and they have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

17. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

   e. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  h. whether Defendants should be enjoined from such violations of the FLSA in the future.

 18. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

 19. Plaintiff sues on his own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

 20. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since May 21, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

 21. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least several hundred and possibly in excess of 1000 members of the Class during the Class Period.

22. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

23. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24. Plaintiff has committed himself to pursuing this action and he has retained competent counsel experienced in employment law and class action litigation.

25. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

  a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

  b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

  c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

  d. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

27. At all relevant times, Eddington has been in the business of providing security services to businesses throughout the New York City metropolitan area. Eddington was founded and incorporated in February 1990 at has operated out of 2092 Homer Avenue, Bronx, New York and 2268 Story Avenue, Bronx, New York.

28. Eddington employs several hundred security personnel at any one time, and the security personnel are paid on an hourly basis with no minimum salary.

29. Plaintiff Jose Ramirez ("Ramirez") was employed in a position where he provided security services for Defendants from on or about August 2005 through June 2006 and again from December 2006 through January 2008 (the "Ramirez time period"). Throughout the Ramirez time period, Ramirez was paid entirely on an hourly basis and he received no minimum salary. Eddington required Ramirez to work in excess of forty hours per week and, except on certain holidays, Ramirez was not paid overtime compensation for hours worked in excess of forty hours per week.

30. When Ramirez asked Mark Eddington and Ron Wuench why he wasn't paid overtime compensation for hours worked in excess of forty hours per week, in violation of New York state and U.S. federal employment laws, he was told that Eddington did not pay overtime.

31. Shortly after complaining to Mark Eddington and Ron Wuench regarding Eddington's failure to pay overtime in violation of the law in or around November 2007, Eddington retaliated against Plaintiff and terminated his employment in or around January 2008.

32. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

33. The work performed by Plaintiff required little skill and no capital investment.

34. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs' overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

35. In addition to the Plaintiff, during the time period Defendants usually employed at least several hundred other employees simultaneously.

36. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment as security personnel who were paid entirely on an hourly basis, with no minimum salary.

37. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

38. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

39. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

40. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while the Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

41. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

46. At all relevant times, the Defendants had a policy and practice of refusing to pay

overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

47. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW

51. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for hours worked, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

54. The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

55. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### THIRD CLAIM FOR RELIEF
### New York Labor Law - Discrimination and Retaliation

56. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57. By terminating Plaintiff Ramirez, Defendants violated New York Labor Law § 215.

58. New York Labor Law § 215 states:

§ 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations

1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated

any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

59.     Prior to the commencement of this claim, on or about November 2007, Plaintiff Ramirez complained to Defendants Mark Eddington and Ron Wuench that he was entitled to unpaid overtime for hours worked in excess of forty hours per week pursuant to state and federal law, and that it was unfair to require him to work overtime without being adequately compensated.

60.     In retaliation for his complaint regarding unpaid overtime compensation, Defendants terminated Plaintiff's employment on or about January 2008.

61.     Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to

his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and

  patterns set forth herein;

f. An award of wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h. An order stating that Plaintiff must be reinstated and rehired into his prior position,

i. An award of lost compensation resulting from Plaintiff's illegal termination;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
   May 21, 2008

            PELTON SERPE LLP

            /s/ Brent E. Pelton
            _____
            Brent E. Pelton (BP-1055)
            Attorney for Plaintiff, Individually,
            and on Behalf of All Other Persons Similarly Situated
            111 Broadway, 9th Floor
            New York, New York 10006
            (212) 725-3600
            pelton@peltonserpe.com

May 19, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Eddington Security Inc. and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   05/20/08            JOSE A. RAMIREZ
Signature                Date                 Printed Name